UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| WILLIAM CODY FLETCHER,<br><br>Plaintiff,<br><br>v.<br><br>ORANGE COUNTY, INDIANA,<br>ORANGE COUNTY BOARD OF COMMISSIONERS,<br>MARSHAL NOBLE Commissioner, individually and in official capacity,<br>RICHARD DIXON Commissioner, individually and in official capacity,<br>MARILYN TUCKER FULLEN Orange County Attorney, individually and in official capacity,<br>STEVEN OWEN Judge, individually and in official capacity,<br>MICHAEL CLOUD Judge, individually and in official capacity,<br>CHRISTOPHER ALLEN HUBBARD Deputy, individually and in official capacity,<br>RYAN DUCKETT Deputy, individually and in official capacity,<br>ORANGE COUNTY SHERIFF individually and in official capacity,<br>CASEY LOWRY individually,<br>TRAVELERS INSURANCE COMPANY,<br><br>Defendants. | ) | No. 4:26-cv-00179-SEB-KMB |

**SCREENING ENTRY**

This matter is before the Court on self-represented Plaintiff William Cody Fletcher's ("Mr. Fletcher") Complaint, dkt. 1, and Motion for Leave to Proceed *In Forma Pauperis*, dkt. 2. This Order first addresses Mr. Fletcher's *in forma pauperis* ("IFP") motion, then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I. *In Forma Pauperis* Status

28 U.S.C. § 1915(a) allows the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees," if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Mr. Fletcher's motion, dkt. 2, meets this standard and is **GRANTED** accordingly.

Although *in forma pauperis* ("IFP") status allows Mr. Fletcher to proceed without *pre*-payment of the filing fee, he remains liable for the full fees. *Robbins v. Switzer*, 104 F.3d 895, 898 (7th Cir. 1997) ("Unsuccessful litigants are liable for fees and costs and must pay when they are able."). The filing fee for IFP litigants is $350.00. *See* District Court Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (stating that the $405 filing fee includes a $55 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915"). No payment is due at this time, but the $350.00 balance remains owing.

## II. Screening Standard

*Pro se* complaints, such as that filed by Mr. Fletcher here, are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted). That said, the Court has an obligation to ensure the complaint is legally sufficient. 28 U.S.C. § 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissal under § 1915 rests on an exercise of this Court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992).

In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because a defendant must have "fair notice of what . . . the claim is and the grounds upon which it rests," it is not enough for a plaintiff to say that he has been illegally harmed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, he must set forth "a short and plain statement" of facts in his complaint such that the Court can infer the ways in which the named defendant could be held liable for the harm alleged. Fed. R. Civ. P. 8(a)(2). A "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

## III. The Complaint

Mr. Fletcher initiated this civil rights lawsuit on June 26, 2026, against myriad Defendants enumerated in the caption above. The twelve-count Complaint arises out of "two related but independently actional sets of facts" relating to Mr. Fletcher's involvement in a motorcycle accident in Orange County, Indiana, on September 16, 2025, and (what Mr. Fletcher describes as) "a coordinated pattern of retaliation, obstruction, denial of court access, fraud, and conspiracy." Compl. 2, dkt. 1. Although the Complaint contains unnecessary narrative and prolix conspiracy allegations that obfuscate a straightforward review of Mr. Fletcher's claims, we have distilled the relevant factual allegations as follows:

On September 16, 2025, Mr. Fletcher was involved in a motorcycle accident along Log Creek Road in Paoli, Indiana, which resulted in permanent nerve and tendon damage to his finger as well as damage to his rotator cuff and approximately $10,000 in damages to his personal property. According to the Complaint, Log Creek Road is currently undergoing construction, which was funded by a federal grant. Ongoing construction allegedly created the unsafe conditions that resulted in the accident. Mr. Fletcher has apparently settled his claims with two non-party entities. On December 19, 2025, however, he filed a tort claim with the Orange County Auditor and Board of Commissioners, though there has been no disposition of that claim to date. Travelers Insurance Company is allegedly Orange County's insurer.

Other factual allegations included in Mr. Fletcher's Complaint relate to his interactions with law enforcement. After Orange County Sheriff's Deputy Christopher Allen Hubbard ("Deputy Hubbard") allegedly "spread false statements throughout the community that [Mr. Fletcher] had come to the deputy's home to threaten his family," Mr. Fletcher filed a "formal criminal complaint with the clerk and prosecutor's office." Compl. 7–8, dkt. 1. Two days later, Deputy Hubbard allegedly "pulled [Mr. Fletcher] over," stating that he did so "because [he] knew [Mr. Fletcher]." *Id.* at 8. According to the Complaint, Deputy Hubbard refused to allow Mr. Fletcher to record their interaction; conducted a warrantless search of Mr. Fletcher's vehicle; impounded and towed Mr. Fletcher's vehicle; and issued a citation "based on a clerical BMV error already being disputed in court." Orange County Sheriff's Deputy Ryan Duckett ("Deputy Duckett") also allegedly participated in the traffic stop and incorrectly recorded Mr. Fletcher's and his vehicle's name on the traffic citation that was issued to Mr. Fletcher.

Thereafter, Mr. Fletcher sought (and continues to seek) reimbursement for the cost of his vehicle's impoundment. Evidently, both Orange County and its insurance carrier, Travelers, have

declined to issue payment to Mr. Fletcher, allegedly at the direction of Orange County's attorney, Defendant Marilyn Tucker Fullen ("Attorney Fullen").[1]

Mr. Fletcher's Complaint also alleges that two Orange Superior Court judges either denied or declined to rule on Mr. Fletcher's motions in unspecified state proceedings. Mr. Fletcher also alleges that, during a December 2025 traffic stop, an unnamed law enforcement officer "took possession" of his identification card, and the local prosecutor's office has neither returned it nor undertaken an investigation to locate it.

In this federal action, Mr. Fletcher asserts various federal claims, pursuant to 42 U.S.C. § 1983: First Amendment retaliation, violations of his Fourth and Fourteenth Amendment rights, and civil conspiracy as well as numerous state claims for fraud, bad faith claims handling, negligence, and so-called "conflict[s] of interest." He seeks compensatory and punitive damages, preliminary and permanent injunctive relief, an order "disqualifying" Defendant Judges Owen and Cloud from presiding over cases in which Mr. Fletcher is a party, and several discovery orders.

## IV. Discussion

The instant complaint suffers from several pleading deficiencies, which require its dismissal at this early juncture. Although federal pleadings need not allege specific legal theories, *see* Fed. R. Civ. P. 8(a), Mr. Fletcher has identified the federal and state laws pursuant to which he seeks recourse: namely, 42 U.S.C. § 1983 and various sections of the Indiana Code. Where, as here, a self-represented litigant expressly states the legal theories he wishes to pursue, a court is not required to analyze whether the allegations in a complaint might support alternative legal theories. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606–07 (7th Cir. 2009)). Thus, we

[1] Mr. Fletcher refers to Attorney Fullen as "Defendant Tucker."

analyze the sufficiency of Mr. Fletcher's allegations with regard to the legal theories that he has identified in his complaint.

At the outset, we note that Mr. Fletcher appears to have improperly joined claims relating to his September 16, 2025, accident and his miscellaneous interactions with law enforcement. Generally, persons "may be joined in one action as defendants if . . . any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). "Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with an unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "On motion or on its own, the court may at any time . . . sever any claim against a party." Fed. R. Civ. P. 21. Here, the nexus between and among Mr. Fletcher's various claims appears to be the alleged involvement of Attorney Fullen, who is Orange County's alleged attorney. Due to the pleading deficiencies described below, we are unable to determine whether to sever Mr. Fletcher's claims at this juncture.

We can easily dispense with Mr. Fletchers claims against Defendant Judges Owen and Cloud, as each of those defendants is entitled to judicial immunity. *See Hernandez v. Sheahan*, 455 F.3d 772, 776 (7th Cir. 2006). Judges are entitled to absolute immunity where, as here, the challenged actions are "judicial in nature." *Brunson v. Murray*, 843 F.3d 698, 710 (7th Cir. 2016); see *Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). Mr. Fletcher has sued Judges Owen and Cloud based upon their rulings against him in state court, which conduct falls squarely within the ambit of judicial immunity. Mr. Fletcher's claims against Judges Owen and Cloud must be and therefore shall be **dismissed with prejudice**.

**First Amendment Retaliation**: Mr. Fletcher asserts that his filing of a criminal complaint against Deputy Hubbard "on Friday" constitutes a protected exercise of his First Amendment right to petition the government. That Deputy Hubbard initiated a traffic stop two days later, during which interaction he stated that he "knew" Mr. Fletcher, reflects "direct retaliation" against Mr. Fletcher, according to the Complaint.

"In order to establish that a defendant retaliated against a plaintiff because of a protected constitutional right, a plaintiff must demonstrate that the defendant knew of the retaliation and knew of the plaintiff's constitutional activities." *Stagman v. Ryan*, 176 F.3d 986, 999 (7th Cir. 1999). The instant complaint does not allege facts from which a plausible inference arises that Deputy Hubbard stopped Mr. Fletcher because he knew that Mr. Fletcher had filed a criminal complaint against him. To the contrary, the Complaint simply alleges that Deputy Hubbard and Mr. Fletcher were familiar with each other, as two days before Mr. Fletcher filed a criminal complaint, Deputy Hubbard allegedly "deliberately staked out near Plaintiff's home" and allegedly "spread false statements" about Mr. Fletcher. Compl. 7, dkt. 1. At most, therefore, the Complaint avers that Deputy Hubbard stopped Mr. Fletcher two days after Mr. Fletcher filed a criminal complaint "because [Deputy Hubbard] knew [him]." *Id.* at 8. That Deputy Hubbard was personally familiar with Mr. Fletcher does not, however, plausibly support an inference that Deputy Hubbard knew of Mr. Fletcher's alleged First Amendment activities. Mr. Fletcher's First Amendment retaliation claim shall be **dismissed without prejudice**.

**Fourth Amendment Violation**: Mr. Fletcher alleges that Deputies Hubbard and Duckett are individually liable because they lacked probable cause to initiate the traffic stop, to search his vehicle, and to impound his vehicle. "To state a claim under the Fourth Amendment, a plaintiff must show that a search or seizure occurred and that the search or seizure was unreasonable." *Hess*

*v. Garcia*, 72 F.4th 753, 761 (7th Cir. 2023). "As a general matter, the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred." *Whren v. United States*, 517 U.S. 806, 810 (1996) (citations omitted). Probable cause exists when "the circumstances confronting a police officer support the reasonable belief that a driver has committed even a minor traffic offense." *United States v. Cashman*, 216 F.3d 582, 586 (7th Cir. 2000).

The instant complaint fails to allege sufficient facts from which we can reasonably infer that Deputies Hubbard and Duckett violated Mr. Fletcher's Fourth Amendment rights by conducting a traffic stop. Beyond referring to Deputy Hubbard's and Mr. Fletcher's personal familiarity with each other, the Complaint does not describe the underlying factual circumstances of the traffic stop, which purportedly establish the absence of probable cause. Mr. Fletcher's conclusory allegations to the contrary do not suffice to provide Deputies Hubbard and Duckett with "fair notice of what . . . the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Accordingly, Mr. Fletcher's Fourth Amendment claim shall be **dismissed without prejudice** for failure to state a claim.

**Fourteenth Amendment Violations**: Mr. Fletcher avers that Defendants have improperly "rout[ed]" his filings through Attorney Fullen, directed his removal from the Orange County courthouse, failed to answer his public records requests, and illegally confiscated his identification card, all of which demonstrates a "systematic[ ]" denial of meaningful access to the courts, in violation of the Fourteenth Amendment to the U.S. Constitution and Article I, Section 12 of the Indiana Constitution. Similarly, Mr. Fletcher alleges a so-called "structural due process" claim based upon the purported partiality of local judges and the "Tucker family's institutional capture of the courthouse machinery." These claims are legally defective for several reasons.

"The Constitution promises individuals the right to seek legal redress for wrongs reasonably based in law and fact." *Harer v. Casey*, 962 F.3d 299, 306 (7th Cir. 2020). To determine whether a plaintiff has meaningful and effective access to court, the Seventh Circuit "require[s] the plaintiff to identify: (1) a nonfrivolous, underlying claim; (2) the official acts frustrating the litigation; and (3) a remedy that may be awarded as recompense but that is not otherwise available in a suit or settlement." *Id.* at 308. In this case, Mr. Fletcher has not identified an underlying claim, never mind a nonfrivolous one, that is allegedly hindered by Defendants' conduct. Relatedly, the Complaint fails to specify *which* Defendants—among the dozen against whom Mr. Fletcher has filed suit—are implicated by his denial-of-access averments. By failing to describe what each Defendant did or failed to do that allegedly resulted in the denial of Mr. Fletcher's access to the courts, Mr. Fletcher's Complaint does not provide Defendants with fair notice of the claims against them. *See Twombly*, 550 U.S. at 555. Mr. Fletcher's reliance upon the Article I, Section 12 of the Indiana Constitution is similarly unavailing, since § 1983 "protects plaintiffs from constitutional violations, not violations of state laws." *Scott v. Edinburgh*, 346 F.3d 752, 760 (7th Cir. 2003). For these reasons, Mr. Fletcher's denial-of-access claim shall be **dismissed without prejudice**.

Mr. Fletcher's "structural" due process claim must also be dismissed, as his allegations relate to the alleged partiality of state-court judges as well as the "Tucker family's institutional capture" of local government. It is well-established law that generalized grievances about the government do not confer standing to sue in federal court. *Gill v. Whitford*, 585 U.S. 48, 54 (2018). Such claims arising out of Mr. Fletcher's dissatisfaction with his local government generally shall be **dismissed without prejudice**.

**Deliberate Indifference**: Mr. Fletcher avers that the Orange County Sheriff (the "Sheriff") was deliberately indifferent to his rights when he reviewed footage of Deputy Hubbard's alleged

misconduct and refused to show it to Mr. Fletcher, rejected a reasonable settlement offer, promoted Deputies Hubbard and Duckett, refused to investigate the loss of Mr. Fletcher's identification card, and told Mr. Fletcher he would have to sue to recover monetary damages for the impoundment of his vehicle.

There are two legal requirements for Mr. Fletcher's claim against the Sheriff to succeed. First, the Sheriff "must have been personally involved in the constitutional violation." *Bostic v. Murray*, 160 F.4th 831, 841 (7th Cir. 2025). Second, the Sheriff "must have also had the necessary state of mind." *Id.* As described above, Mr. Fletcher has failed to allege an underlying violation of his constitutional rights. *Stockton v. Milwaukee Cnty.*, 44 F.4th 605, 613 (7th Cir. 2022). His allegations of supervisor liability necessarily fail as a matter of law and shall be **dismissed without prejudice** accordingly.

**Civil Conspiracy**: Mr. Fletcher alleges a civil conspiracy, pursuant to 42 U.S.C. § 1985, involving Attorney Fullen, Judge Owen, Judge Cloud, Deputy Hubbard, the Sheriff, Commissioner Marshal Noble, and Travelers's claim adjuster Casey Lowry, who allegedly "act[ed] in concert" and "coordinated to deprive Plaintiff of his constitutional rights." Compl. 12, dkt. 1. Because Mr. Fletcher's allegations do not support a plausible inference that his constitutional rights have been violated, his civil conspiracy claim necessarily fails as a matter of law. *Daugherty v. Page*, 906 F.3d 606, 612 (7th Cir. 2018) (underlying constitutional violation is an essential element of civil conspiracy claim). *See also Bowman v. City of Franklin*, 980 F.2d 1104, 1108–09 & n.4 (7th Cir. 1992) (describing the pleading requirements of a viable claim under § 1985(3) and noting that § 1985(3) "does not reach nonracial political conspiracies").

**Remaining State Law Claims**: Mr. Fletcher's remaining claims arise under state law. Where, as here, the federal claims have been dismissed before trial, district courts typically

relinquish supplemental jurisdiction over any remaining state law claims. *Id.* at 1109. Because we have dismissed Mr. Fletcher's federal claims in their entirety, we shall relinquish supplemental jurisdiction over his remaining state law claims.

**CONCLUSION**

For these reasons, Mr. Fletcher's Motion for Leave to Proceed *In Forma Pauperis* is hereby **GRANTED**. Dkt. 2. Mr. Fletcher's claims against Defendant Judges Steven Owen and Michael Cloud are **DISMISSED with prejudice** on the basis of judicial immunity. The remaining portions of the Complaint are hereby **DISMISSED without prejudice**.

Mr. Fletcher shall have **TWENTY-EIGHT (28) DAYS** from the date of this order within which to file an amended complaint that sets forth simple, concise, and direct factual allegations describing what each Defendant did or failed to do that allegedly violated his rights and that specifies which claims Mr. Fletcher is bringing against which Defendant(s). Conclusory, duplicative, and prolix allegations do not satisfy our federal pleading requirements. *See* Fed. R. Civ. P. 8; *Luffman v. Collinsville Cmty. Unit Sch. Dist. #10*, No. 25-2049, 2026 WL 1815364, at *2 (7th Cir. June 24, 2026) (affirming dismissal of complaint alleging "a wide-ranging conspiracy" that failed to "demonstrate[e] a logical connection between the defendants, their alleged acts, [the plaintiff's] alleged injuries, and the relief he s[ought]"). Failure to file an amended complaint within the allotted time or consistent with the instructions set forth herein will result in dismissal with prejudice for failure to comply with a court order and/or for failure to prosecute his claims.

IT IS SO ORDERED.

Date: 9/16/2026

Sarah Evans Barker

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Financial Deputy Clerk

WILLIAM CODY FLETCHER
4112 N. County Rd. 625 W
West Baden Springs, IN 47469